## Case No. 9,845.

MORRISON et al. v. CASE et al.

[9 Blatchf. 548; 2 O. G. 544; Cox, Manual Trade-Mark Cas. 220.] [1]

Circuit Court, D. Connecticut. April 23, 1872.

TRADE-MARK—MEN'S SHIRTS—DEVICE AND WORDS.

Under section 77, etc., of the act of July 8, 1870, (16 Stat. 210, etc.) the words, "The Star Shirt," and those words with the device of a six pointed star used in connection therewith, and the device and words, "The * Shirt," used as a trade-mark in connection with the manufacture and sale of men's and boys' shirts, and taken by dealers as designating the shirts made by a particular manufacturer, are a lawful trademark.

[Cited in Smith v. Reynolds, Case No. 13,098.]

[This was a bill by Thomas A. Morrison and others against Julius A. Case and others for an infringement.]

Calvin G. Child, for plaintiffs.

Charles E. Perkins, for defendants.

SHIPMAN, District Judge. This is a bill in equity praying for an injunction to restrain the defendants from using a certain trade-mark upon men's and boys' shirts. The parties are both of them shirt manufacturers, selling their goods in the general market. The plaintiffs and their immediate predecessors have been engaged in the manufacture and sale of this class of goods for many years, during which the business has grown to considerable magnitude. For twenty years they have used the trade-mark in question, by stamping or labeling the same upon the shirts manufactured and sold by them, and upon their packages and advertisements. In March, 1871, the plaintiffs caused this trade-mark to be registered in the patent office at Washington, under the act of congress approved July 8, 1870 (16 Stat. 210, etc., § 77, etc.)

The trade-mark in question, as appears by the certificate of the commissioner of pat-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. Cox, Manual Trade-Mark Cas. 220, contains only a partial report.]

ents, and the fac-similes filed in his office in conformity to the act of congress, consists of the words, "The Star Shirt"; also, the words, "The Star Shirt," with the device of a six-pointed star used in connection therewith; and, also, the device and words, "The * Shirt"—either one, or all, being used, as convenience requires. Though this device or mark is in part arbitrary and, to that extent, would have no natural or necessary significance in connection with the article manufactured, apart from its use in that connection, yet, by such use of the plaintiffs, in connection with their manufacture and sale of these articles, it has become well known to the trade, and has come to be taken by dealers, as a peculiar designation by which the plaintiffs' goods are distinguished in the market. It is, therefore, both in its character and use, when taken together, a lawful trade-mark. It has long been employed by the plaintiffs and well understood, by dealers and the public, as designating such articles of their manufacture. They have complied with the requirements of the act of congress, and are entitled to protection. Their exclusive right to the use of this trade-mark is co-extensive with the limits of the United States.

The defendants have clearly infringed this right by using the words and device of the plaintiffs, both in the exact form, and in such near resemblance as is calculated to deceive. They have done this by so marking the shirts made by them, and by the labels used on their packages and packing boxes. A perpetual injunction must, therefore, issue, restraining them from any use of this trade-mark, either in the identical form in which it is registered in the patent office, or in any form in which it may be calculated to deceive, by confounding the goods manufactured and sold by the plaintiffs with shirts made and sold by the defendants.